# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10CR00011 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **RICHARD LEE TAYLOR**, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Ashley B. Neese, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this criminal case, I deny the defendant's Motion to Withdraw Guilty Plea to Count Two and to Dismiss Count Two on Double Jeopardy Grounds.

I

This case involves the prosecution of the defendant for receiving and possessing child pornography. The defendant, Richard Lee Taylor, is charged under a two-count indictment. Count One alleges that on October 29, 2010, Taylor knowingly received and attempted to receive child pornography in violation of 18 U.S.C.A. § 2252 (a)(2) (West 2000 & Supp. 2009). Count Two alleges that on that same day Taylor knowingly possessed and attempted to possess child pornography

in violation of 18 U.S.C.A. § 2252(a)(4)(B) (West 2000 & Supp. 2009). On October 12, 2010, Taylor pled guilty to both counts. On January 13, 2011, he filed a Motion to Withdraw Guilty Plea to Count Two and to Dismiss Count Two on Double Jeopardy Grounds. The government filed a response and the motion has been argued. For reasons stated herein, I will deny the defendant's motion.

II

Taylor asserts that Count Two, possession of child pornography, is a lesser-included offense of Count One, receipt of child pornography. Therefore, he argues, convictions on both counts results in double jeopardy. He seeks to withdraw his guilty plea to Count Two and requests the court to dismiss that count. The burden is on the defendant to show a "fair and just reason" why withdrawal of his guilty plea should be allowed. Fed. R. Crim. P. 11(d)(2)(B).

Taylor cites *United States v. Miller*, 527 F.3d 54 (3d Cir. 2008), for his argument. In *Miller*, the court held that convictions for possession and receipt of the same pornographic images constituted double jeopardy. *Id.* at 72. This determination is consistent with the Supreme Court's holding that possession of an item is a lesser-included offense of receipt of the same item, *see Ball v. United States*, 470 U.S. 856, 862 (1985), and with opinions from other circuits, *see, e.g., United States v.*

*Kuchinski*, 469 F.3d 853, 859 (9th Cir. 2006) ("If, as it seems, the counts were based on the same acts, entering judgment on both of the offenses would be improper.").

However, the government argues, and I agree, that the facts here are more similar to the facts in *United States v. Bobb*, 577 F.3d 1366 (11th Cir. 2009). In *Bobb*, investigators traced child pornography that had been downloaded in November 2004 from a particular website to the defendant's address. *Id.* at 1368. During a search in August 2005, the investigators found thousands of images of child pornography on the defendant's computers and found zip files containing child pornography. *Id.* at 1369. The charge for receiving child pornography referred to the November download, while the possession charge referred to the defendant's possession of the material found in his residence in August. *Id.* Under those facts, receipt and possession were two separate offenses because the offenses occurred on two different dates and involved two different sets of pornographic material. *Id.* at 1375; *see also United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008) ("[W]e note that there would be no double jeopardy violation if the government had distinctly charged [the defendant] with both receipt . . . for the images that he downloaded on the internet and with possession . . . for the images that he transferred to and stored on compact discs.").

Here, although both violations occurred on October 29, 2010, they were two separate offenses involving different conduct and different sets of material. *Cf. United States v. Kimbrough*, 69 F.3d 723, 729-30 (5th Cir. 1995) (finding that two counts were multiplicitous when the conduct charged was essentially the same, even though the files referenced for each violation were different). Count One refers to active receipt of one set of pornographic material, discovered at the time a search warrant was executed. Count Two refers to possession of a different set of pornographic material, pre-existing on the defendant's computer and discovered during later forensic examination. Under these circumstances, the possession charge is not a lesser-included offense of the receipt charge. Therefore, convictions for both offenses does not result in double jeopardy.

III

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Withdraw Guilty Plea to Count Two and to Dismiss Count Two on Double Jeopardy Grounds (ECF No. 44) is DENIED.

      ENTER: January 24, 2011

      /s/ JAMES P. JONES
      United States District Judge